**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHARLES McKINLEY #1202537** | § | |
| | § | |
| **V.** | § | **A-13-CV-039-LY** |
| | § | |
| **COURT OF CRIMINAL APPEALS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.  Before the Court is Petitioner's "Original Application for Writ of Mandamus." Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

McKinley argues his state habeas application was only considered by one justice instead of a panel of three in violation of state law.  He requests the Court to remand his state habeas application to the trial court for fact finding, legal conclusions and a recommendation and to order his application to be heard by a constitutionally sanctioned quorum of the Court of Criminal Appeals.

DISCUSSION AND ANALYSIS

Although the writ of mandamus was abolished by FED. R. CIV. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.  28 U.S.C. § 1651.  Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency.  See generally Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); accord, Noble v. Cain, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing Moye to hold that mandamus relief is not available to federal courts to direct state officials in the performance of their duties and function). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees.  Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Thus, Petitioner's request cannot be granted, and he does not appear to be seeking any additional relief.

RECOMMENDATION

It is therefore recommended that Petitioner's Original Application for Writ of Mandamus be dismissed without prejudice for want of jurisdiction.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of February, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE